1  Vanessa R. Waldref
2  United States Attorney
   Eastern District of Washington
3  Caitlin Baunsgard
4  Assistant United States Attorney
   Post Office Box 1494
5  Spokane, WA 99210-1494
6  Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

███████████████████████
███
███████████████████████
████
████████████████████
███
███████████████████████
███████████████████████
████
███████████████████████
██
███████████████████████
███████████████████████
██████████████████
███████████████████████
JACENIR AMERZUCA DASILVA (a/k/a "Serio"),
███████████████████████
█████
███████████████████████
███████████████████████
████

INDICTMENT

Vio.: 21 U.S.C. § 848,
Continuing Criminal
Enterprise
(Count 1)

21 U.S.C. § 846,
Conspiracy to Distribute
a Controlled Substance
(Counts 2-5, 13)

21 U.S.C. §§ 841(a)(1),
(b)(1)(B)(vi), 846
Attempted Possession
with Intent to Distribute
40 Grams or More of
Fentanyl
(Count 6)

INDICTMENT - 1



Defendants.

21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846
Attempted Possession with Intent to Distribute Cocaine
(Count 7)

21 U.S.C. § 841(a)(1), (b)(1)(C),
Distribution of Cocaine
(Counts 8-12)

18 U.S.C. § 1956(h),
Conspiracy to Money Launder
(Count 14)

18 U.S.C. §§ 922(g)(1), 924(a)(8),
Felon in Possession of a Firearm
(Count 15)

18 U.S.C. §§ 922(o), 924(a)(2)
Unlawful Possession of a Machine Gun
(Count 16)

18 U.S.C. § 49
Unlawful Animal Fighting
(Count 17-18)

7 U.S.C. § 2156(f)
18 U.S.C. § 982
18 U.S.C. § 924
21 U.S.C. § 853
21 U.S.C. § 848,

INDICTMENT - 2

|   |   |
|---|---|
|   | 28 U.S.C. § 2461<br>Forfeiture Allegations |

The Grand Jury charges:

## COUNT 1

Beginning on a date unknown, but by no later than the year 2023, the exact date being unknown to the Grand Jury, and continuously thereafter through and including April 17, 2024, within the Eastern District of Washington and elsewhere, the Defendants, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, did unlawfully, knowingly, and intentionally engage in a continuing criminal enterprise in that the Defendants unlawfully, knowingly, and intentionally violated, 21 U.S.C. §§ 841(a)(1), 843(b), 846, which violations include but are not limited to Conspiracy to Distribute a Controlled Substance, Unlawful Use of a Communication Facility, Distribution of a Controlled Substance, and Attempted Possession with Intent to Distribute a Controlled Substances, and the substantive violations alleged in Counts 2 through 13, which Counts and overt acts are realleged and incorporated herein by reference as though fully set forth in this Count, and which violations were part of a continuing series of violations of the Controlled Substances Act, 21 U.S.C. § 801 et seq., undertaken by the Defendants, in concert with at least five other persons with

INDICTMENT - 3

respect to whom Defendants, ███████████████████████████████████

███████████████████████████████████████

███████████████████████████████████

███████████████████████████, occupied positions of organizer, supervisor, and any other position of management, and from which such continuing series of violations the Defendants obtained substantial income and resources; all in violation of 21 U.S.C. § 848(a), (c).

COUNT 2

Beginning on a date unknown, but by on or about June 2023, and continuing to on or about April 17, 2024, in the Eastern District of Washington and elsewhere, the Defendants, ███████████████████████████████████

███████████████████████████████████████

███████████████████████████████████

███████████████████████████, and other individuals, both known and unknown to the Grand Jury, did knowingly and intentionally combine, conspire, confederate and agree together with each other to commit the following offense: distribution of a mixture or substance containing a detectable amount of synthetic cannabinoids (commonly known as "K2" or "spice"), a Schedule I controlled substance, and buprenorphine (commonly known as Suboxone), a Schedule III controlled substance, both in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), all in violation of 21 U.S.C. § 846.

INDICTMENT - 4

COUNT 3

Beginning on a date unknown, but by on or about September 2023, and continuing to on or about April 17, 2024, in the Eastern District of Washington and elsewhere, the Defendants, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and other individuals, both known and unknown to the Grand Jury, did knowingly and intentionally combine, conspire, confederate and agree together with each other to commit the following offense: distribution of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), all in violation of 21 U.S.C. § 846.

COUNT 4

Beginning on a date unknown, but by on or about February 2024, and continuing to on or about April 17, 2024, in the Eastern District of Washington and elsewhere, the Defendants, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and other individuals, both known and unknown to the Grand Jury, did knowingly and intentionally combine, conspire, confederate and agree together with each other to commit the following offense: distribution of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide

INDICTMENT - 5

(a/k/a fentanyl), a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), all in violation of 21 U.S.C. § 846.

## COUNT 5

Beginning on a date unknown, but by on or about July 2023, and continuing to on or about April 17, 2024, in the Eastern District of Washington and elsewhere, the Defendants, ███████████████████████████████████████████████████████████████████████████████████████, and other individuals, both known and unknown to the Grand Jury, did knowingly and intentionally combine, conspire, confederate and agree together with each other to commit the following offense: unlawful use of a communication facility, to wit the United States Mails and United Parcel Service, to facilitate the commission of a felony under the Controlled Substances Act, in violation of 21 U.S.C. § 843(b), all in violation of 21 U.S.C. § 846.

## COUNT 6

On or about January 8, 2024, in the Eastern District of Washington and elsewhere, the Defendant, ███████████████████████████████████████████, knowingly attempted to possess with intent to distribute 40 grams or more of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (a/k/a fentanyl), a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi), 846.

INDICTMENT - 6

## COUNT 7

On or about January 31, 2024, in the Eastern District of Washington and elsewhere, the Defendant, ███████████████████████████████████, knowingly attempted to possess with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846.

## COUNT 8

On or about September 13, 2023, in the Eastern District of Washington, the Defendants, ███████████████████████████████████████████████████████████, knowingly distributed a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2.

## COUNT 9

On or about September 27, 2023, in the Eastern District of Washington, the Defendants, ███████████████████████████████████████████████████████████, knowingly distributed a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2.

INDICTMENT - 7

COUNT 10

On or about November 1, 2023, in the Eastern District of Washington, the Defendants, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉, knowingly distributed a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2.

COUNT 11

On or about November 21, 2023, in the Eastern District of Washington, the Defendant, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉, knowingly distributed a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).

COUNT 12

On or about December 20, 2023, in the Eastern District of Washington, the Defendants, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉, knowingly distributed a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2.

INDICTMENT - 8

COUNT 13

Beginning on a date unknown, but by on or March 2024, and continuing to on or about April 17, 2024, in the Eastern District of Washington and elsewhere, the Defendants, ████████████████████████████████████████, and other individuals, both known and unknown to the Grand Jury, did knowingly and intentionally combine, conspire, confederate and agree together with each other to commit the following offense: distribution of a mixture or substance containing a detectable amount of synthetic cannabinoids (commonly known as "K2" or "spice"), a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), all in violation of 21 U.S.C. § 846.

COUNT 14

Beginning on a date unknown but by on or about June 2023 and continuing until April 17, 2024, in the Eastern District of Washington and elsewhere, the Defendants, ████████████████████████████████████████

INDICTMENT - 9

███████████████████████████████ JACENIR AMERZUCA DASILVA (a/k/a "Serio"), ███████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████, and others known and unknown, unlawfully and knowingly combined, conspired, confederated and agreed together and with each other to conduct and attempt to conduct financial transactions, that is: transactions involving the movement of funds by wire and other means affecting interstate and foreign commerce, and transactions involving the use of a financial institution which is engaged in and affects interstate and foreign commerce, which involved the proceeds of specified unlawful activity, that is, a continuing criminal enterprise (in violation of 21 U.S.C. § 848) and a conspiracy to distribute controlled substances (in violation of 21 U.S.C. § 846), to promote the carrying on of a specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(A)(i).

The Grand Jury further alleges this offense was committed during and in furtherance of the continuing criminal enterprise as charged in Count 1, conspiracy to distribute controlled substances as charged in Counts 2-15 and Count 13, above. All in violation of 18 U.S.C. § 1956(h).

INDICTMENT - 10

COUNT 15

On or about April 10, 2024, in the Eastern District of Washington, the Defendant, ███, knowing of his status as a person previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in an affecting commerce, a firearm, to wit: a Ruger Model SP101 .357 caliber revolver, bearing serial number 57141724, which firearm had therefore been transported in interstate and foreign commerce, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8).

COUNT 16

On or about January 1, 2024, in the Eastern District of Washington, the Defendant, ███, did knowingly possess a machine gun, to wit: a semi-automatic firearm with an unlawful modification of the semi-automatic firearm to a fully automatic firearm, commonly referred to as a "Glock switch," in violation of 18 U.S.C. §§ 922(o), 924(a)(2).

COUNT 17

On or about April 7, 2024, in the Eastern District of Washington, the Defendant, ███, did knowingly sponsor and exhibit an animal, to wit: one or more roosters, in an animal fighting venture, to wit: a cockfight which involved at least 2 animals for the purposes

INDICTMENT - 11

of sport, wagering and entertainment, in or affecting interstate or foreign commerce, in violation of 7 U.S.C. § 2156(a)(1) and 18 U.S.C. § 49.

## COUNT 18

Beginning on a date unknown, but by on or about June 2023 and continuing to on or about April 7, 2024, in the Eastern District of Washington, the Defendants, ▮▮▮▮▮▮▮▮▮▮▮▮▮, did knowingly possess and train an animal, to wit: one or more roosters, for the purpose of having the animal(s) participate in an animal fighting venture, to wit: training one or more roosters for a cockfight, which would involve at least 2 animals for the purposes of sport, wagering and entertainment, in or affecting interstate or foreign commerce, in violation of 7 U.S.C. § 2156(b) and 18 U.S.C. § 49.

## NOTICE OF CRIMINAL FORFEITURE

The allegations set forth in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures.

### Controlled Substance Violations

Pursuant to 21 U.S.C. § 853 and/or 21 U.S.C. 848(a), upon conviction of an offense(s) in violation of 21 U.S.C. § 848 and/or 21 U.S.C. § 841 and/or 21 U.S.C. 846, as set forth in this Indictment, the Defendants ▮▮▮▮▮▮▮▮▮▮▮▮▮

INDICTMENT - 12

1  ▬
2  ▬
3  
4  ▬
5  ▬
6  
7  ▬ JACENIR AMERZUCA DASILVA (a/k/a "Serio"), ▬
8  ▬
9  
10 ▬
11 ▬
12 ▬
13 
14 ▬
15 ▬
16 
17 ▬
18 ▬ shall forfeit to the United States of America, any property
19 constituting, or derived from, any proceeds obtained, directly or indirectly, as the
20 result of such offense(s) and any property used or intended to be used, in any manner
21 or part, to commit or to facilitate the commission of the offense(s). The property to be
22 forfeited includes, but is not limited to:
23 
24 <u>Defendant ▬</u>
25 Real property known as 191 Buena Loop Road, Zillah, Washington, legally
26 described as follows:
27 
28 

INDICTMENT - 13

The East 330 feet of the West 528 feet of the South half of the Northeast Quarter of the Southeast Quarter of Section 21, Township 11 North, Range 20, E.W.M.
EXCEPT the South 25 feet for Road

Assessor's Tax Parcel No.: 201121-41024

Together with all appurtenances, fixtures, attachments and improvements thereto and thereupon.

Subject to all easements, restrictions, reservations and covenants of record.

If any of the property described above, as a result of any act or omission of the Defendants:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

Money Laundering

Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of an offense in violation of 18 U.S.C. § 1956(h), the Defendants, ▮

INDICTMENT - 14

1
2
3
4
5
6
7  ████████████████████████████, JACENIR AMERZUCA DASILVA (a/k/a
8  "Serio"), ████████████████████████████████████████████████
9
10
11
12 ████████████████████████████████████████████████, shall forfeit
13
14 to the United States of America any property, real or personal, involved in such offense,
15 and any property traceable to such property.
16
17    If any of the property described above, as a result of any act or omission of the
18 Defendants:
19    a.   cannot be located upon the exercise of due diligence;
20   b.   has been transferred or sold to, or deposited with, a third party;
21   c.   has been placed beyond the jurisdiction of the court;
22   d.   has been substantially diminished in value; or
23   e.   has been commingled with other property which cannot be divided
24        without difficulty,
25
26 the United States of America shall be entitled to forfeiture of substitute property pursuant
27 to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).
28

INDICTMENT - 15

<u>Firearms</u>

Pursuant to 18 U.S.C. § 924(d)(l) and 28 U.S.C. § 2461(c), upon conviction of an offense in violation of 18 U.S.C. §§ 922(g)(1), 924 (a)(8), Felon in Possession of a Firearm, as set forth in this Indictment, the Defendant, ▆▆▆▆▆▆▆▆▆▆▆, shall forfeit to the United States of America any firearm and ammunition involved or used in the commission of the offense.

If any of the property described above, as a result of any act or omission of the Defendant:

    a.    cannot be located upon the exercise of due diligence;
    b.    has been transferred or sold to, or deposited with, a third party;
    c.    has been placed beyond the jurisdiction of the court;
    d.    has been substantially diminished in value; or
    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

<u>Unlawful Animal Fighting</u>

Pursuant to 7 U.S.C. § 2156(f) and 28 U.S.C. § 2461(c), upon conviction of an offense in violation of 7 U.S.C. § 2156 and 18 U.S.C. § 49, as set forth in this Indictment, the Defendant, ▆▆▆▆▆▆▆▆▆▆▆

INDICTMENT - 16

████████████████████████████, shall forfeit to the United States of America any animal involved in the violations.

DATED this ___ day of April 2024.

A TRUE BILL

_____
Foreperson

_____
Vanessa R. Waldref
United States Attorney

_____
Caitlin Baunsgard
Assistant United States Attorney

INDICTMENT - 17